## Gragg v. Barton's Administratrix, et al.

(Decided November 24, 1914.)

### Appeal from Bourbon Circuit Court.

1. Bills and Notes—Presumption of Payment.—A note will be presumed paid where the circumstances indicate that it was included in a later note for a larger amount and both the parties for a number of years after this treated it as paid.

2. Judgment—Finding of Chancellor.—The finding of the chancellor on a question of fact will not be disturbed where the evidence leaves the truth doubtful.

CHESTER M. JEWETT for appellant.

TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On November 15, 1902, Joshua Barton executed to C. Thomson & Son a note for $1,000.00 for sixteen head of shorthorn cattle, due in six months, a lien being retained on the cattle for the payment of the note. At the time the note was given, Thomson & Son assigned it to Edgar Gragg. On December 10, 1903, Joshua Barton, with Edgar Gragg as his surety, executed to the Farmers Bank of Cynthiana a note for $1,473.70, due in four months. On January 22, 1904, Joshua Barton executed to Edgar Gragg his note for $3,192.00, due in four months, and also executed to him a mortgage on the cattle bought of Thomson & Son and certain other cattle to secure the note. This note Barton afterwards paid. After that Barton died and in this suit, which was brought to settle his estate, Gragg presented as a claim against the estate the note for $1,000.00 above referred to; the commissioner allowed the claim. The administratrix excepted to it on the ground that the note had been paid when the note for $3,192.00 was given; that is, that the $1,000.00 was included in the amount of that note. The court sustained the defendant's exception to the claim. Gragg appeals.

The proof shows that when the note for $3,192.00 was given, the note of the bank for $1,473.70 was paid out of the proceeds of that note, which was then assigned to the bank, but the books of the bank do not show what became of the remainder of the proceeds of the note for

$3,192.00. The proof also shows that after the payment of the note for $3,192.00 Gragg asserted no claim against Barton for the $1,000.00 note, although he took out an execution against him for a debt of $105.00 and costs, $6.60, in April, 1906, which was paid, and also took out an execution against him for the balance of the $3,192.00 note, which was also paid to him, amounting to $2,175.29, on January 17, 1906. He explains this, according to the proof for the estate, by saying that he thought the bank had collected the $1,000.00 note, and the bank thought he had collected it, and he did not know that the bank had not collected it until the note was returned to him by the bank after Barton's death, the cashier having then found it among some papers in the bank.

On the other hand, Frank Barton testified that shortly before the death of Joshua Barton, who was his father, the defendant came to him and said that they ought to straighten up his father's affairs; that his father owed him nothing, but there were matters that should be settled up. The wife and daughter of Joshua Barton also testified in substance that Mr. Gragg told them that if they had asked him if Mr. Barton owed him anything before his death, he would have told them, "not a cent," that he left the note at the bank and the bank thought he collected it, and he thought the bank had collected it. The administratrix also proved that the cattle on which a lien was retained to secure the note for $1,000.00 were embraced in the mortgage executed to secure the note for $3,192.00.

Some force must be given to the fact that, although Gragg was collecting other money from Barton by execution in the five years following the maturity of the note for the $1,000.00, he at no time made any claim for the payment of the note for $1,000.00, and some force must also be given to the fact that the cattle which secured the note for $1,000.00 held by Gragg were included in the mortgage to secure the note for $3,192.00 also executed to Gragg, and when to this we add the fact that no account is given of the proceeds of the note for the $3,192.00 over and above the note to the bank for $1,473.70; that the note for $1,000.00 was left at the bank, and this is unexplained, and that Gragg himself for five years believed that the note for $1,000.00 had been paid, it seems that the circuit court was well warranted in concluding that the $1,000.00 note was settled in that transaction.

It is not uncommon for persons doing business at a bank to leave a note with a bank when it is expected to be taken up when another note is discounted, and it not unfrequently happens that the maker of the note, when the second transaction is had, does not receive the note and it is thus left in the possession of the bank.

We give considerable effect to the finding of the chancellor on a question of fact and we do not disturb his finding on doubtful evidence. It is not reasonable that persons in the circumstances of these two men could have overlooked a note for $1,000.00 so long, or that Gragg could have failed to know that this note had not been paid, if it had not in fact been settled in the transaction referred to.

Judgment affirmed.