## Scott v. Chandler.

(Decided December 11, 1914.)

### Appeal from Bath Circuit Court.

Judgment—Finding of Chancellor—Evidence.—Where the evidence in an equitable action is conflicting, and upon the consideration of the whole case the mind is left in doubt, the finding of the chancellor will not be disturbed.

W. S. GUDGELL and C. W. NESBITT for appellant.

W. B. WHITE and JOHN A. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee James Chandler rented a farm from the appellant, Mrs. M. C. Scott, for the years 1906 and 1907. As a part of the contract, Mrs. Scott furnished Chandler with supplies during his tenancy, to enable him to carry on his farming operations.

In March, 1908, Mrs. Scott sued Chandler for a balance of $440.00 claimed to be due her under the renting contract, and took out an attachment which was levied upon a crop of tobacco and two horses, all of which were located on the rented farm where Chandler then resided.

At the May term of the Bath Circuit Court, judgment went against Chandler by default; the attachment was sustained; the property was sold, and the proceeds turned over to Mrs. Scott.

In November, 1908, Chandler instituted an action for a new trial of the original action; and the action having been tried by Special Judge J. M. Stephenson, he set aside the default judgment, and granted Chandler a new trial.

The issues having been made up by the pleadings, the case was then referred to the Master Commissioner for the purpose of auditing and settling the accounts between the parties to the action.

From the voluminous accounts and proof, the Commissioner reported that Chandler owed Mrs. Scott for 121 items of goods and other things furnished, which aggregated $850.41.

As credits against that charge, Mrs. Scott gave Chandler credit for eight items, aggregating $486.47; and to this amount the Commissioner added forty-one other items, aggregating $499.26, making a total of $985.73 credited to Chandler by the Commissioner's report, and leaving a balance of $135.32 in Chandler's favor.

There was an issue as to whether one of the horses which was exempt from execution, and which had been sold for $100.00, had verbally been placed in lien to Mrs. Scott to secure a debt of $65.00; and upon that issue proof was taken. The Commissioner declined to decide the issue relating to the horse, and referred it to the court.

Elaborate exceptions were filed to the Commissioner's report by either side; and upon a hearing upon the exceptions by the chancellor, he gave Mrs. Scott a further credit of $66.50 for one-half of the tobacco crop of 1906, and for $17.00 for work furnished by her to Chandler, these new credits aggregating $83.50; which sum having been deducted from the balance of $135.32 shown to be due Chandler by the report, left a net balance of $51.82 due Chandler. To this amount the court added $100.00, the sum for which the horse had been sold, and gave judgment to Chandler against Mrs. Scott for $151.82. From that judgment she prosecutes this appeal.

The record consists of 240 typewritten pages; and, as heretofore stated, the items of the several accounts aggregate 173 in number. The issues related to questions of fact only, and since on these issues evidence was introduced tending to support either contention, it must be with some hesitation that we would undertake to say that the Chancellor and the Master Commissioner who knew the witnesses, and gave their testimony careful consideration, were not justified in their conclusions.

This case belongs to the class of cases represented by Smith v. Rader, 157 Ky., 179, where we said:

"This is one of those cases where the evidence is conflicting, and upon a consideration of the whole case the mind is left in doubt, and we cannot say with any reasonable degree of certainty that the Chancellor has

erred. In such cases it is our rule not to disturb the finding of the Chancellor. Byassee v. Evans, 143 Ky., 415; Wathen v. Wathen, 149 Ky., 504; Potter v. Damron, 150 Ky., 587.''

See also Hayden's Committee v. Cash, 157 Ky., 55, and Gragg v. Barton's Admx., 161 Ky., 210.

Judgment affirmed.