### Hester v. Hester.

(Decided November 4, 1915.)

#### Appeal from Simpson Circuit Court.

1. Witnesses—Competency of Wife to Prove Facts in Respect of Residence in Action for Divorce.—Although under section 606 of the Civil Code as amended by the Act of March 15, 1912, the wife is competent to testify in an action for divorce, concerning the grounds mentioned in the Act, she is not competent to prove her residence. That fact must be proved by other witnesses. The amendment did not change the rule in this respect.

2. Appeal and Error—Chancellor's Finding on Conflicting Evidence not Disturbed on Appeal.—Where upon a consideration of the evidence the mind is left in doubt as to the truth of the matter, the finding of the chancellor will not be disturbed on appeal.

JOHN J. MILLIKEN for appellant.

G. W. MERRITT for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Sarah Hester sued Dan Hester in the Simpson Circuit Court for a divorce from the bonds of matrimony. She obtained it, but appeals from the judgment.

The cause of divorce alleged in the petition was an attempt to injure the plaintiff, such as indicated probable danger to her life or great bodily injury from her remaining with the defendant.

Section 606 of the Civil Code as amended by the Act of March 15, 1912, provides that in actions for divorce, where such a charge is made, either or both the parties may testify. But this means only that they may testify concerning facts bearing upon the grounds relied on as specified in the Act. By that amendment, the wife was not made a competent witness to prove the facts in respect of her residence, as was done in this case. And, there being no proof other than her own in that respect, the chancellor should not have granted the divorce. Section 422 of the Civil Code. However, we have no jurisdiction to reverse the judgment granting a divorce.

2. It was charged in the petition that the defendant had in his possession about two thousand dollars of the plaintiff's money; and plaintiff complains because the judgment did not order the restoration of this sum to her.

This was a second marriage for both of the parties. The plaintiff was in comfortable circumstances at the time of the marriage and is yet so. The defendant had no property of any consequence at that time, and has but little now. He was, however, a trader of no mean ability; and it seems from the record that by dealing in live stock which he purchased with funds advanced to him from time to time by his wife, he earned some profits. She admits that he repaid to her several sums which she so advanced to him, but claims that he failed to repay others; and on this question the competent evidence is conflicting and very unsatisfactory. The trouble between them while they lived together seems to have been, not so much the failure to repay these sums, as their inability to agree as to who was entitled to the profits arising out of these transactions, and as to which should carry the money. The husband contended that it was inconvenient and embarrassing to be compelled to return home to get money every time he purchased property, and the wife insisted that she had been the treasurer of the first

marital firm with which she was connected and that a second term in that office was not inhibited by the Constitution or the law of the land. And about this they could not agree.

There was no prayer in the petition for the restoration of property, but as there was quite a great deal of testimony in the record upon this subject, we assume that the chancellor (although the judgment makes no mention of this issue and merely grants the divorce with costs, including a fee to plaintiff's attorneys) considered the matter, and that he declined to render any judgment against the defendant in this respect because of the unsatisfactory and indefinite state of the proof.

Upon a consideration of the evidence in respect of this claim concerning money loaned to the defendant and its repayment, the mind is left in doubt as to the truth of the matter; and where this is the case, the finding of the chancellor will not be disturbed on appeal. Robinson-Petitt Co. v. Sapp, 160 Ky., 445; 169 S. W., 869; Gragg v. Barton's Admx., 161 Ky., 210; 170 S. W., 621.

Judgment affirmed.