## Cassada et ux. v. First Nat. Bank of Somerset.

(Decided May 4, 1937.)

R. C. TARTAR for appellants.

VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The First National Bank of Somerset secured two personal judgments in the Pulaski circuit court against

C. H. Cassada; one for $2,200, with interest from the first day of December, 1932, until paid; the other, for $215.15, with interest from the 18th day of March, 1933, until paid, and the further sum of $11.20 costs. It also obtained a judgment enforcing a mortgage on a certain tract of land to secure the $2,200 judgment, above referred to. The land was sold and the proceeds applied to the payment of that judgment and costs, reducing it to the sum of $991.47. For the purpose of collecting the two judgments, appellee instituted this action in the Pulaski circuit court, based on executions it had issued and placed in the hands of the sheriff of Pulaski county to do execution, which the sheriff returned indorsed: "No property found to make this execution or any part thereof. This January 26th, 1934 (Signed) Clyde Hubbell, S. P. C.," as authorized by section 439, Civil Code of Practice, against C. H. Cassada, Eliza Cassada and Raymond Cassada, for the purpose of discovering any property owned by C. H. Cassada, or that he might have an interest in, and to subject two tracts of land that he had caused to be conveyed; one tract to Eliza Cassada, his wife, and the other to Raymond Cassada, his son, to the payment of its judgments. Appellee secured an order of attachment and had it levied upon a small tract of land of about six acres, alleging that he had fraudulently caused same to be conveyed to his wife, Eliza Cassada, since the rendition of the judgment sued on; also levying said attachment upon a tract of land of about three acres, alleging that C. H. Cassada had caused the conveyance made to his son, Raymond Cassada, for the purpose of covering up or defrauding appellee in the collection of its judgments. Judgment was rendered in that action in favor of appellee, so far as it affected the land that had been conveyed to appellant's wife, Eliza Cassada, but so far as it affected the conveyance to Raymond Cassada, was dismissed. From the judgment subjecting the land conveyed to Eliza Cassada, the appellants appeal.

It is insisted by counsel for appellants that the court committed an error in overruling his motion, requiring appellee to elect whether or not he would prosecute the claim against Eliza Cassada and C. H. Cassada, or the claim against Raymond Cassada and C. H. Cassada. We are of the opinion that the court committed no error in overruling appellants' motion.

As we stated above, this action is based upon section 439, Civil Code of Practice which reads as follows:

"After an execution of fieri facias, directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an equitable action for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions, persons indebted to the defendant, or holding money or property in which he has an interest, or holding evidences or securities for the same, may be also made defendants."

It will be observed that the section, supra, provides that all persons holding money or property in which appellant, C. H. Cassada, had an interest, may be made defendants. Appellee alleged in that action that appellant, C. H. Cassada, owned the land alleged to have been deeded to his wife, and, also the land alleged to have been deeded to his son, Raymond Cassada. Both Raymond and Eliza Cassada were necessary parties to the action; and it was no misjoinder to make them party defendants.

Counsel for appellants insists that the judgment of the lower court is not supported by the evidence. The evidence is conflicting; therefore, we are not authorized to reverse the judgment, unless the evidence leaves the truth in our minds doubtful. Gragg v. Barton's Adm'x, 161 Ky. 210, 170 S. W. 621.

The evidence is to the effect that appellants were hopelessly insolvent; that C. H. Cassada caused the conveyance to be made to his wife; and that she, in fact had nothing to do with the trade for the land. The land was purchased from H. H. Hughes, who stated that he sold the land to C. H. Cassada, himself; that he made no trade with Eliza Cassada; that no one had any connection with the trade except C. H. Cassada; that he made the deed to his wife, but he did not know why he did so; that it was paid for in money; that Mark Sumner, the party who prepared the deed, gave him the money; that since the land was sold to C. H. Cassada, a four-room

house, weatherboarded and painted, was built on the land; that Cassada denied that he had anything to do with the purchase of the land, or that he had any talk at all with H. H. Hughes, who sold the land to him; in fact, stated that he had no conversation with him about it. Mark Sumner, who wrote the deed, stated that he made a survey of the land and prepared the deeds; that he was instructed by Cassada to make the deed to his wife; that the money he gave to Hughes for the land was given to him by Cassada; that as he left his home, he laid the money down and told him to give it to Hughes when the deed was signed. It is further in evidence that the material used in building the house and repairing it was sold to appellant, C. H. Cassada, and that he paid for it. It is true that there is testimony that the money was furnished by the sons of C. H. Cassada, and there is some testimony as to how they obtained the money to pay for the land.

However, taking the evidence as a whole, recognizing the established rule, that we do not disturb the finding of the chancellor on doubtful evidence, nor where the testimony is conflicting, as in the instant case, the trial court knowing the witnesses, and being better able to pass upon their credibility and deportment when testifying, we have concluded the judgment of the chancellor should not be disturbed.

Judgment affirmed.