**Ballard SHEPHERD, Petitioner,**

v.

**Ben MANN, Circuit Judge of the 36th Judicial District of Kentucky, Respondent.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Bertram Ervin Brown II, Prestonsburg, for petitioner.

Judge Ben Mann, pro se.

PALMORE, Chief Justice.

Ballard Shepherd seeks an order prohibiting the respondent, as judge of the Magoffin Circuit Court, from proceeding with a divorce action brought by Shepherd's wife, Ruie Mae Shepherd.

The basis on which relief is claimed is that Magoffin County was not the place of Ruie Mae's usual residence, as required by KRS 452.470. "Uniformly . . . this court has exercised its discretionary powers under Constitution § 110 to consider the merits of venue questions in divorce actions." Burke v. Tartar, Ky., 350 S.W. 2d 146, 148 (1961).

According to the pleadings and exhibits the facts necessary to a disposition of this original action appear to be as follows:

The divorce action was filed by Ruie Mae in the Magoffin Circuit Court on December 20, 1971. Summons was issued to Floyd County, the husband's place of residence, where it was mistakenly served on his brother. Not until June 12, 1972, was a summons served on the petitioner himself. Meanwhile, in March of 1972 depositions had been taken in Ruie Mae's behalf. The petitioner filed no answer or other pleading and did not appear in the proceeding until July 7, 1972, when he served upon Ruie Mae's attorney a motion to dismiss upon the ground of improper venue in that at the time the suit was commenced her usual residence was in Floyd County. This motion was not accompanied by a request for a hearing or a notice that it would be brought on for hearing. On July 26, 1972, the trial court (respondent herein) entered an order denying the motion and a copy of the order was served on counsel for the petitioner.

On August 10, 1972, a hearing was held on a motion by Ruie Mae for maintenance pendente lite and for an advance on her attorney's fee. At this time, according to respondent, the court "permitted a rehash of the motion to dismiss. Both attorneys expressed a desire that the court reporter be present. She was unavailable and the court heard argument and testimony anyway. . . . The record does not reflect the August 10th hearing, and there had been no formal demand for it. Petitioner complains that the reporter was not present, but the hearing confirmed the court's earlier opinion as to residence and venue . . . ."

Petitioner contends he was entitled to have the hearing reported, cf. KRS 28.-430(1)(a), and desires to make a record by taking depositions in this proceeding, cf.

RCA 1.420(b). When a party has been denied the opportunity of making an adequate record in the trial court that would be the correct procedure for presenting the merits of the venue question to this court, but we are of the opinion that the question was waived by petitioner's failure to raise it within proper time after valid service of the summons. CR 12.01, 12.08(1). We construe the provision of KRS 403.025 that "the facts as to residence of the parties must be proved" as referring to the jurisdictional requirements essential to a valid judgment, which formerly were set forth in KRS 403.035 and now appear in KRS 403.140(1)(a). Likewise, CR 8.04(2) refers only to the essential elements of the cause of action.

Petitioner seeks also to prohibit respondent from holding him in contempt unless he complies with an order directing him to pay Ruie Mae's counsel $300. Under the new divorce laws enacted by the 1972 General Assembly (c. 182, Acts of 1972) the trial court "from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees," etc. The Act applies to all pending actions with respect to issues on which judgment has not been entered. (§ 28, c. 182 Acts of 1972.) Compliance with such orders may be enforced by the contempt power. Cf. 24 Am.Jur.2d, Divorce and Separation § 754.

■ We do not have before us the record of all that has taken place thus far in the trial court, but it seems very probable that the order directing this interim payment of $300 was not preceded by a formal inquiry into the "financial resources of both parties." The contempt power can be an oppressive instrument, and in the usual case an appeal is neither an easy nor a satisfactory means of control. For that reason it is imperative that trial courts exercise a wholesome self-restraint in using it or, better, by not using

it. Nevertheless, prohibition also is an extreme remedy—in fact, a delicate one. Unless a threatened order of contempt, or its enforcement, would be clearly arbitrary or otherwise illegal, and inflict irremediable injury, it is not appropriate.

■ Here the petitioner alleges that the respondent will hold him in contempt and that he will be greatly and irreparably damaged, but he does not say why. If he is able to pay the $300 his damage will be neither great nor irreparable. If he cannot, he is entitled to prove it to the trial court. We have no reason to assume that he would not or will not be afforded a fair hearing on that question if he demands it.

The temporary order heretofore entered is now dissolved, and the petition for prohibition is denied.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.