Lucille Marie **CABLE**, Appellant,

v.

Benjamin E. **CABLE**, Appellee.

Court of Appeals of Kentucky.

June 5, 1987.

Eddie C. Lovelace, Albany, for appellant.

Thomas E. Carroll, Monticello, for appellee.

Before MILLER, DYCHE and WEST, JJ.

**948**

WEST, Judge.

This is an appeal from a judgment entered in the Clinton Circuit Court in a dissolution of marriage case. The trial court granted a divorce to Benjamin E. Cable, the appellee, over the objection of the appellant. She raises two issues on appeal.

The first issue is whether Benjamin established his residency in Kentucky as required by KRS 403.025. That statute states:

The statements of a petition for dissolution of marriage concerning the residence of the parties and irretrievable breakdown of the marriage shall not be taken as true because of the respondent's failure to deny the statements, and the facts as to residence of the parties must be proved by one or more creditable witnesses.

The requirement that the residence of the parties must be proved by one or more creditable witnesses is not discretionary, but is a specific requirement necessary to establish the court's jurisdiction. *Shepherd v. Mann*, Ky., 490 S.W.2d 760 (1973).

■ In the present case, the only person to testify as to Benjamin's residence in the State of Kentucky was Benjamin. Lucille argues that that is insufficient and since he had not lived in the state long enough, he could not produce a witness who would testify to that effect. The appellee argues that KRS 421.210 makes the husband and wife competent witnesses in their divorce action, and we agree. However, as to the statute involved, KRS 403.-025, the petitioner could not be his only witness. The petitioner's testimony does no more than reiterate what he has already sworn to by his verified petition. In *Hester v. Hester*, 166 Ky. 544, 179 S.W. 451 (1915) the then Court of Appeals held "... the wife was not made a competent witness to prove the facts in respect of her residence as was done in this case; and there being no proof other than her own in that respect, the chancellor should not have granted the divorce." Thus, it is clear that an outside witness other than a party is required to testify as to how long the petitioner has lived in Kentucky to establish

the court's jurisdiction. When there has not been adequate proof as to the residence of the petitioner, a jurisdictional requirement, the judgment is void and may be vacated. *Kirk v. Kirk*, Ky., 240 S.W.2 598 (1951). *See also Wise v. Wise*, Fla.Dist.Ct. App., 310 So.2d 431 (1975).

■ We need not address the appellant's second issue dealing with the award of maintenance. However, since we feel certain this matter will probably be relitigated, we hold that based on the evidence of the parties' income and the other considerations of KRS 403.200, the trial court was not clearly erroneous in refusing to award Lucille maintenance.

For these reasons the judgment of the Clinton Circuit Court is reversed.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.