## Commonwealth, On Relation, &c. v. Starks.

(Decided March 1, 1918.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Taxation—Exemptions—Property Used for Religious Worship—Liability of Owner. Receiving Compensation for Its Use—Evidence.—In a proceeding by the Commonwealth to assess church property as the property of the purchaser under contract of sale on the ground that interest on the advanced payments on the purchase price and the deduction of the usual real estate commission from the purchase price were allowed the purchaser as compensation for its use and occupation by the church, evidence examined and held insufficient to sustain the allegations of the petition.

2.  Evidence—Writing—Parol—Admissibility Against Third Person.—In a proceeding by the Commonwealth to assess church property as the property of the purchaser under a written contract to which the Commonwealth was not a party, on the ground that interest on advanced payments on the purchase price, and a deduction of the usual real estate commission from the purchase price were allowed the purchaser as compensation for the use and occupation of the property by the church, parol evidence of all the facts and circumstances attending the transaction was admissible for and against the Commonwealth for the purpose

of showing the real contract between the parties and whether the contract was a mere device to escape taxation.

ROWAN HARDIN for appellants.

HELM BRUCE, HENRY L. STONE and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the first appeal may be found in 169 Ky. 410, while the response to the petition for rehearing may be found in 171 Ky. 62.

The suit is a proceeding by the Commonwealth to assess the first Christian Church property located on the corner of Fourth and Walnut Streets in the city of Louisville for the years of 1910-11 and 1912, as the property of John P. Starks. A demurrer was sustained to the statement and the proceeding dismissed. On appeal, this court directed that the demurrer be overruled. On the return of the case to the lower court, Starks answered and the parties pleaded to an issue. Proof was then taken and on final hearing, judgment was rendered in favor of Starks. The Commonwealth again appeals.

The contract between the trustees of the church and Starks is set out in the former opinion. Briefly stated it is as follows: The trustees sold the property to Starks on February 4, 1909. The purchase price was $350,-000.00 less the usual real estate commission, which is conceded to be $7,125.00. Of the purchase price, $100,-000.00 was payable in cash. The balance was payable upon demand in sums of $5,000.00 or multiples thereof as should be needed from time to time by the church to make payment upon the construction of its new church. Upon the $100,000.00 Starks was to be credited with 3 per cent. interest from the date of payment and upon the sums in excess of that amount with 5 per cent. interest from the dates of such payment until the delivery of the possession of the property. Any balance due at the time of the delivery of the property was payable either in cash or in equal payments due in one and two years respectively from the delivery of possession, and bearing interest from that date at the rate of 6 per cent. per annum. The contract further provided that the

property should remain in the possession of the trustees to be actually used for religious worship until the permanent new church was sufficiently completed for religious worship to be held therein, at which time possession of the property covered by the contract should be delivered, and a good and sufficient deed made to Starks.

It was charged in the amended statement or petition that interest in the sum of $11,332.34 and the real estate commission of $7,125.00 were allowed to Starks as credits upon said contract on account of the use and occupation of the property by the said First Christian Church, and as rent therefor, from February 5, 1909, to October 1, 1911. In holding on the first appeal that the demurrer to the petition should have been overruled, the court based its ruling on the foregoing allegations and held in substance that although the property was used by the church for the purpose of public worship during the years in question, it was nevertheless taxable as the property of Starks if as a matter of fact he received rent or compensation for its use during that time. And in overruling the petition for rehearing the court made it plain that it never intended to make a final adjudication of the case or to preclude any valid defense based on the facts of the controversy.

After the filing of the answer on the return of the case, Starks and certain of the trustees of the church gave their depositions, which show the following facts: The church desired to sell its property for the purpose of purchasing a new site and building thereon. While the new church was being erected, the church desired to worship in the old property. Starks began negotiations with the trustees for the purchase of the property. It was explained to him that possession of the property could not be delivered for some time on account of the necessity for maintaining a place of worship until the new church could be erected. The proposed arrangement was acceptable to Starks because he was not then ready to improve the property. Although Starks was not to get possession of the property until the new church was ready, he agreed to finance the erection of the new church and to advance the money for that purpose. The question of paying rent or compensation for the use of the property while it was occupied by the church was never mentioned or considered by the parties. The trustees agreed to pay interest on the pay-

ments advanced before delivery of possession for the use of the money itself and not by way of compensation for the use of the church property. The same was true with respect to the real estate commission. The deduction of the commission from the purchase price was made on the sole ground that the sale was made directly to Starks and the church would have had to pay a commission had a sale been made through an agent. Viewing the transaction in the light of this evidence which is uncontradicted, it is apparent that the allegations of the petition on which our former ruling was based were not sustained. The church never agreed to deliver the possession of the property to Starks until the new building was erected. That being true, Starks was not entitled to the possession in the meantime and not being entitled to possession there is no basis whatever for holding that the real estate commission or the interest on the advanced payments was paid as compensation for the use of the property which the church alone had the right to occupy. On the contrary, it is clear that the real estate commission was deducted from the purchase price solely because the sale was made directly to Starks, and that the interest on the advanced payments of the purchase price was paid solely for the use of the money which Starks advanced for the purpose of enabling the church to purchase the new site and erect a house of worship thereon.

But it is insisted that the oral evidence heard on the return of the case was inadmissible because it served merely to explain or construe the contract. It must be remembered, however, that this is not a suit between the parties to the contract or their privies. It is a proceeding by the Commonwealth, a third party, to assess the property for the years in question as the property of Starks. The right to assess the property is based on the allegation that the interest on the advanced payments on the purchase price and the real estate commission were paid by the church as compensation for the use and occupation of the property by the church. In such a proceeding the Commonwealth, not being a party to the contract, may challenge the good faith of the parties and show by parol evidence all the facts and circumstances attending the transaction for the purpose of upholding its contention that the contract itself was a mere device to evade taxation. And for a like reason a party to a contract thus

assailed may give the same kind of testimony for the purpose of showing the real transaction and thus disproving the claim of the Commonwealth. 10 R. C. L. 1020; Re Shields, 134 Ia. 559, 111 N. W. 963; 10 L. R. A. (N. S.) 1061; McMaster v. Insurance Co. of North America, 55 N. Y. 222, 14 Am. Rep. 239.

Judgment affirmed.

Whole court sitting.