## Lockard v. Lockard et al.

October 24, 1947.

Walter R. Prater, Judge.

Moss Noble for appellant.

J. Douglas Graham and D. Earl Miller for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a suit for divorce, alimony, settlement of property rights and custody of three infant children. The wife, appellee, was granted an absolute divorce on the grounds of cruel and inhuman treatment, was awarded alimony in the sum of $7,000, and allowed an attorney's fee of $500. She was given custody of her two youngest children, ages seven and eleven, for nine months out of the year, and custody of the oldest child, aged fourteen, for three months out of the year. The youngest child is a girl, and the two older children are boys.

The principal controversy on this appeal concerns

the allowance of the lump sum alimony and the attorney's fee.

The husband is sixty-three years old and the wife is fifty-four. They were married in 1912 and had born of that marriage ten children, of whom nine are still living. The ground for divorce was that, from and after June 1944, appellee's husband had begun and continued the cruel and inhuman treatment complained of.

It appears the husband had purchased a tract of land in Campton, Kentucky, with a house thereon, and in June of 1944 the wife moved to this new home and had continued to live there ever since. In the meantime the husband remained at the couple's old home on what is known as the Holly farm.

The wife testified the husband had told her to start keeping house in Campton, and he would move over there when he had taken care of the crops on the old farm. He never did move to Campton, and the wife stated he had told her he was not going to live with her and would not let her come back to the old home. There was other evidence of cruel and inhuman treatment. He testified to the effect that the wife had become more and more quarrelsome in recent years, and he had finally reached the point where he could not stand it. He stated he had tried to persuade her to stay at the old home where they had lived for seventeen years, but that she packed up and moved away from him.

As before mentioned, the Chancellor granted the wife an absolute divorce. This Court, of course, cannot reverse such judgment of divorce, but the husband insists the proof shows his wife at fault and her right to alimony was forfeited.

We have carefully considered all of the evidence in this case, and it appears both the husband and wife were good, hard working country people. For thirty-two years they had lived together, worked together, accumulated property and raised a substantial family. It is a tragedy that these people at this stage of life should find it impossible to get along with each other and should come into court wrangling over the remnants of their marriage. We do not find, however, that the difficulties between the parties may be attributed to

the wife to such an extent as to forfeit her right to alimony.

The real difficulties presented in the case are in determining the amount of property which the husband and the wife now have, and the proper share which the wife should take by way of alimony. The circumstances to be considered are well stated in Yeager v. Yeager, 197 Ky. 353, at page 358, 247 S. W. 5, at page 7:

"We have frequently held that in fixing the amount of alimony the court should consider the amount of the husband's estate; his income and earning capacity; his age, health, and ability to labor; the age, health, and station of the wife; the particular cause of the divorce; the relative responsibility of the parties therefor; whether or not the wife has helped in accumulating the husband's property; and all other relevant circumstances."

The record is not at all clear with respect to the extent or value of the husband's property. The principal real estate owned by him in his own name is the Holly farm which he values at $12,000 and which the wife's evidence indicates has a value of something between $13,000 and $20,000. The husband values his personal property at $1,850, whereas the wife attempted to prove by her own testimony that it is worth $8,975. The evidence with respect to the husband's income is so uncertain as to afford no basis upon which to base an allowance of alimony.

The Campton real estate, valued at $7,500, and apparently another tract of land, valued at $6,300, were owned jointly by the husband and wife, but the judgment does not affect this property.

It appears the Chancellor in awarding the wife lump sum alimony in the sum of $7,000 attempted to divide equally the real and personal property owned by the husband. He was certainly justified in finding that this property had a valuation of at least $14,000. Since both husband and wife had started their marriage with practically no estate, and together by their joint industry had accumulated this property, it is fair and equitable that the wife should be entitled to an equal share in it.

Appellant husband objects strenuously that the

award of $7,000 as alimony should be payable immediately since the husband's liquid assets are very uncertain. However, this difficulty is more imaginary than real, since the husband should be able by mortgage or sale to obtain this amount without substantially impairing his own interest in the property.

In view of the fact that the Chancellor was justified in finding the wife not at fault, and in view of the services rendered and the results accomplished by the wife's attorneys, we do not find that the allowance of $500 as an attorney's fee was improper or unreasonable.

With respect to the custody of the children, it is our opinion that the Chancellor reached a fair solution to the problem.

On the whole case we find that the judgment was supported by the evidence, was fair and reasonable as to both parties in all respects, and the judgment is affirmed.