Ernest CROWE, Appellant,

v.

Elizabeth CROWE, Appellee.

Court of Appeals of Kentucky.

Deĉ. 8, 1961.

G. D. Milliken, Jr., Bowling Green, for appellant.

Francis & Potter, Bowling Green, for appellee.

WADDILL, Commissioner.

In this action both parties sought a divorce on the ground of cruel and inhuman treatment. The Chancellor granted Mrs. Crowe a divorce, awarded her alimony in the sum of $5,000 payable in semiannual installments of $500 and directed her to restore to Mr. Crowe certain property she obtained by virtue of the marriage. The judgment further directed Mr. Crowe to pay the costs of action including a fee of $500 to Mrs. Crowe's attorney. On the appeal Mr. Crowe urges that the sums awarded Mrs. Crowe and her counsel are excessive, while on the cross-appeal Mrs. Crowe contends that the allowance to her is not adequate.

At the time of their marriage in 1931, Mr. Crowe was a tenant farmer and neither he nor his wife had accumulated any money or property. During the following year, and immediately prior to the birth of their only child, they had their first serious disagreement. While their differences were temporarily resolved, through the ensuing years they became involved in other serious quarrels, some of which caused their temporary separation. Mrs. Crowe testified that her husband had physically assaulted her on several occasions, and Mr. Crowe stated that the principal reason for their trouble was his wife's domineering attitude and violent temper. He acknowledged that he had struck his wife on one occasion and that he had ordered her to leave his home during a wrangle that resulted in their final separation. They both seem to agree that the main cause of their disharmony stems from Mrs. Crowe's failure to adjust herself to Mr. Crowe's relatives and their intrusion into her personal affairs. Consequently, it is apparent from the record that Mrs. Crowe was not "blameless" as the Chancellor so aptly expressed it.

At the time this action was filed they had accumulated property which Mrs. Crowe valued at approximately $20,000. According to Mr. Crowe the net worth of his property is only about $8,500, although he frankly concedes that if he could sell his farm for the price he seeks for it his net worth would be increased by approximately $5,500.

Mrs. Crowe, who is now past 50 years old and has spent the most productive part of her life in rearing her daughter and in aiding her husband in the accumulation of a valuable farm and farming equipment, is

entitled to an adequate sum as alimony. Mr. Crowe has also reached the age where his capacity to labor is somewhat limited. These and other pertinent factors were obviously given careful consideration by the Chancellor. See Heustis v. Heustis, Ky., 346 S.W.2d 778; Alexander v. Alexander, Ky., 317 S.W.2d 494; Lockard v. Lockard, 305 Ky. 656, 205 S.W.2d 317.

The judgment reflects that the Chancellor fully considered all aspects of the case and awarded Mrs. Crowe an amount which appears to be fair and just to both parties. Also, the allowance of $500 as an attorney fee was proper and reasonable. Therefore, we find no abuse of discretion.

The judgment is affirmed on the direct appeal and on the cross-appeal.