## Auxier v. Auxier.

(Decided January 14, 1913.)

### Appeal from Johnson Circuit Court.

Divorce—Circuit Court Jurisdiction—Appellate Jurisdiction.—The Court of Appeals has no right to review a judgment granting a divorce, although the question as to the lower court's jurisdiction is involved. (Ky. St., Sec. 950.)

MAY & MAY, HARKINS & HARKINS, HOPKINS & HOPKINS, for appellant.

WILL H. LANE, C. B. WHEELER, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Dismissing Appeal

This action for a divorce was instituted by appellee on March 16, 1911, in the Johnson circuit court. The ground alleged was abandonment for more than twelve months. Appellant answered denying the grounds for divorce and alleging that she was not a resident of Johnson county and that she had brought an action for divorce and alimony in the Floyd circuit court, the county of her residence, and she asked that the action in Johnson circuit court be abated or transferred to the Floyd circuit

court and consolidated with the action she had instituted there.

Over six hundred pages of testimony were taken, and the court, after considering it, rendered the following judgment:

"This cause being submitted to the court for trial and judgment, the court hearing all the evidence read, and argument of counsel, and being sufficiently advised on the whole case, now adjudges, that the defendant, at the time of the filing of this action and her answer herein, was an actual resident of Johnson county, Kentucky; that her claim to have changed her residence to Floyd county was fraudulent and for the purpose of avoiding the jurisdiction of this court, which had already attached when her claim of said change in her residence was made; the court, therefore, holds and adjudges, that it has jurisdiction of this action considering the cause upon the merits of the controversy, this court now adjudges, that the plaintiff is entitled to a divorce and, is now divorced from the defendant and, all the ties and bonds of matrimony existing between plaintiff and defendant, are now ordered to be and are dissolved and, the plaintiff is restored to all the rights and privileges of an unmarried man and, it is further adjudged, that the plaintiff pay all the cost herein.'

Appellant's pleading did not ask that she be allowed alimony; she merely denied the ground of divorce alleged and asked that the action be abated or transferred to the Floyd circuit court. Section 950, Kentucky Statutes, provides, expressly, that no appeal shall be had from a judgment granting a divorce. See the case of Irwin v. Irwin, 105 Ky., 632, wherein it was claimed that an amendment, which alleged as a ground for the divorce an abandonment of five years, was filed before the five years had elapsed. An appeal was taken in that case from a judgment of divorce granted by the lower court, and this court said:

"But even if we concede the contention of appellee, that the ground of divorce relied on in the supplemental petition is 'a status,' and did not begin to exist until the first whole day of its existence, to wit, the eleventh day of July, 1892, and that the supplemental petition was prematurely filed, it does not seem to us that this is a question of any importance on this appeal, as section 950, Kentucky Statutes, provides that 'no appeal shall be taken to the Court of Appeals to reverse a judgment

granting a divorce.' The judgment of the chancellor on this question is a finality, and can not be reviewed here."

For these reasons, the appeal should be and it is dismissed.