### Auxier v. Auxier.

(Decided· October 8, 1913·).

#### Appeal from Johnson Circuit Court.

Divorce—Alimony—Appeal ·by Wife From so Much of Judgment as
Affects Residence.—Although a judgment of divorce may not be
reversed on appeal, the wife, on appeal from such a judgment,
may reverse so much of the judgment as determines that she did
not reside in another county, in order that she may try out on the
merits her action theretofore brought in that county for alimony.
(For original opinion see 151 Ky., 504.)

MAY & MAY, HARKINS & HARKINS and HOPKINS & HOP-
KINS for appellant.

WILL H. LAYNE; C. B. WHEELER for appellee.

EXTENDED OPINION BY CHIEF JUSTICE HOBSON—Re-
versing.

A. E. Auxier brought this suit against his wife,
Mary Louise Auxier for divorce in the Johnson Circuit
Court. She then brought a suit against him in the
Floyd Circuit Court for divorce and alimony, alleging
that she resided in Floyd County. She pleaded the
pendency of that action in bar of the action brought by
him, alleging that her residence was in Floyd County.
Upon the hearing of the case, the Johnson Circuit Court
adjudged that she was an actual resident of Johnson
County, adjudging that her claim of residence in Floyd
County was fraudulent, and also adjudging a divorce
to the husband. The wife appealed from that judgment,
and on the original hearing the appeal was dismissed,
as no appeal lies from a judgment granting a divorce.
(Auxier v. Auxier, 151 Ky., 504.) But upon a recon-
·sideration of the case on the petition for rehearing, we
·conclude that the judgment of the Johnson Circuit Court

determining that the residence of the wife is in Johnson County, and that her claim to a residence in Floyd County is fraudulent, is a conclusive adjudication between her and her husband of this fact, concluding her from maintaining her action for alimony in the Floyd Circuit Court. If she was a resident of Floyd County, she had a right to bring her action there for divorce and alimony, and although a divorce has been granted in the Johnson Circuit Court to her husband, she may still maintain her action in the Floyd Circuit Court to obtain alimony, if she is entitled to it, and her action was rightfully brought there. Upon an examination of the record, we have reached the conclusion, that the wife was a resident of Floyd County and that her claim of residence there was not fraudulent. This being true, she has a right to maintain her action in the Floyd Circuit Court for alimony; and this she cannot do so long as the judgment of the Johnson Circuit Court remains in force, adjudging that she does not reside in Floyd County, and that her claim of a residence there is fraudulent.

In so far as the judgment of the Johnson Circuit Court determines that her residence was not in Floyd County, and that her claim of residence there was fraudulent, that judgment is reversed. The judgment of divorce remains in force and is not affected by the reversal of the judgment in so far as it determines the domicile of the wife. She did not set up her claim for alimony in the Johnson Circuit Court, and may yet try out this matter in the Floyd Circuit Court. We intimate no opinion on the merits of the case and only make this extension of the opinion that it may be tried on the merits in the court properly having jurisdiction of the matter.

The opinion is extended, and the judgment appealed from is reversed to the extent indicated.