## Auxier v. Auxier.

(Decided October 15, 1918.)

## Appeal from Floyd Circuit Court.

1.  Divorce and Alimony—Judgment—Res Judicata.—It having been determined in a former judgment of this court, in another action between the same parties, that appellee could, in this action. prosecute her claim for alimony against appellant, the matter is res judicata, and her right to so prosecute her claim in this action cannot now be questioned.

2.  Appeal and Error—Pleading—Curing Defect.—Objection that appellee's petition failed to contain necessary allegations, coming after judgment, held to be insufficient ground for a reversal, because appellee's petition, though failing to contain necessary allegations, was cured by reply which did contain them and which were put in issue and the case tried out on issue thus made.

C. B. WHEELER and WILL H. LAYNE for appellant.

HARKINS & HARKINS, MAY & MAY and HOPKINS & HOPKINS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant and appellee were married in 1898, and resided together as husband and wife, in Johnson county, Kentucky, until 1908, when they separated. In 1911 appellant filed an action in the Johnson circuit court against appellee seeking a divorce, and in that action a judgment was entered granting him the relief prayed for. After appellee had been summoned to appear in that action, she, in addition to denying the grounds relied upon by appellant, pleaded that she was a resident at the time of the suit and since her separation from the appellant, of Floyd county, Kentucky, and that she had filed in the Floyd circuit court an action against the appellant for divorce and alimony, and asked that the appellant's suit in Johnson county be dismissed, or that it be transferred and consolidated with her suit against him pending in the Floyd circuit court.

In addition to granting the appellant a divorce, the judgment of the Johnson circuit court adjudged that appellee was a resident of Johnson county, and that her claimed residence in Floyd county was fraudulent and made for the purpose of defeating the jurisdiction of the

court. From that judgment appellee prosecuted an appeal, which was dismissed upon the original hearing bv this court in an opinion to be found in 151 Ky. 504, but upon a reconsideration of the case on petition for rehearing, so much of the judgment as determined that appellee's residence was not in Floyd county was reversed. The court in the latter opinion, reported in 155 Ky. 174, said:

"Upon an examination of the record, we have reached the conclusion, that the wife was a resident of Floyd county and that her claim of residence there was not fraudulent. This being true,. she has a right to maintain her action in the Floyd circuit court for alimony; and this she cannot do so long as the judgment of the Johnson circuit court remains in force, adjudging that she does not reside in Floyd county, and that her claim of a residence there is fraudulent.

"In so far as the judgment of the Johnson circuit court determines that her residence was not in Floyd county, and that her claim of residence there was fraudulent, that judgment is reversed. The judgment of divorce remains in force and is not affected by the reversal of the judgment in so far as it determines the domicile of the wife. She did not set up her claim for alimony in the Johnson circuit court, and may yet try out this matter in the Floyd circuit court. We intimate no opinion on the merits of the case and only make this extension of the opinion that it may be tried on the merits in the court properly having jurisdiction of the matter."

Thereafter the trial of appellee's suit for divorce and alimony, which is this suit, was prepared for trial, and upon submission, she was awarded alimony in the sum of $900.00. from which judgment this appeal is prosecuted.

1. It is most urgently insisted by counsel for appellant that the judgment in the former action, in the Johnson circuit court, granting to appellant an absolute divorce is a bar to a prosecution by appellee in this separate action of the claim for alimony, and in support of that contention numerous arguments are advanced in an effort to prove that the opinion of this court, rendered in response to the petition for a rehearing, is erroneous. But however that may be, the matters therein determined between these same parties are *res judicata,* and by that opinion they and we are bound. In that opinion it

was finally and conclusively determined that appellee could prosecute in this action her claim against the appellant for alimony.

2. The only other grounds advanced for a reversal are that appellee failed to allege in her petition that she was without like or any fault, and that even if the petition had been good, the evidence does not support the judgment. It is true the petition does not contain the necessary allegation that the plaintiff was not without fault, but there was no demurrer to the petition, and this defect was not called to the attention of the trial court. Moreover, the defect in the petition was cured by the reply wherein plaintiff denied that the separation was due to any fault of hers, and this allegation was put in issue by subsequent pleading of the defendant and the case tried out upon the issues thus made, under which circumstances an objection comes too late after judgment. See chapter XXXVIII and section 648 of Vol. 1, Newman's Pleading and Practice, third edition.

The record in this case is quite voluminous, covering more than 500 pages of typewritten matter, a large part of the evidence on behalf of appellant being directed toward an effort to prove that appellee was a resident of Johnson rather than of Floyd county, a matter finally disposed of between the parties by the opinion of this court in the former case referred to above. The evidence for the wife, of cruel and inhuman treatment upon the part of her husband and that she was without like or any fault, is, in our judgment, quite sufficient to support the chancellor's judgment; and while there are probably as many witnesses who testify for appellant that the cause of their unhappiness and separation was the disposition upon the part of the plaintiff to neglect her household duties and her children, and to complain unreasonably to and about her husband, the record is entirely free from any evidence which even tends to support his charge against her of lewd and lascivious conduct. And upon the whole of the evidence we are unable to say that the chancellor's finding is not correct. The evidence is so voluminous and covers with such minuteness the petty details of about ten years of married infelicity, that it is quite impossible for us, within the legitimate bounds of an opinion, to discuss it in detail; and, besides to do so could serve no possible good. We shall,

therefore, content ourselves with the statement that a careful reading of the testimony fails to convince us that there is any error in the judgment of the chancellor. Judgment affirmed.