## McQueary v. McQueary.

(Decided October 22, 1918.)

### Appeal from Pulaski Circuit Court.

Divorce—Custody of Children.—Where a divorce from the bond of matrimony is granted and the wife is awarded the custody of the children, provision should be made in the judgment to allow the father to have, at stated periods, the custody of the children.

D. E. McQUEARY for appellant.

WM. CATRON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This suit was brought by the appellee, Maud E. McQueary, in the Pulaski circuit court, against the appellant, D. E. McQueary, her husband, to secure a divorce from the bonds of matrimony, and be awarded maintenance and alimony, and the custody of their three little children.

After the case had been prepared for trial the lower court adjudged that the plaintiff, "Maud E. McQueary, be and she is hereby divorced from the bonds of matrimony with the defendant, D. E. McQueary, and it is further adjudged that the said plaintiff is given the

custody and control of her infant children, Ella Catherine McQueary, Smith McQueary and Wm. Hubert McQueary, and it is further adjudged that the defendant, D. E. McQueary, shall have the privilege of seeing his said children at such reasonable times as may be convenient to the plaintiff, and as will not interfere with the custody, control and management and education of said infant children, or will not in anywise interfere with the health or welfare of said children, and at such times as may be mutually agreed between plaintiff and defendant.

"It is further adjudged and considered by the court that the plaintiff is entitled to and she is hereby allowed the sum of fifteen ($15.00) dollars per month by way of alimony, to be paid monthly, and on or before the first day of each month; however the continuation of said monthly payments thereof is subject to the further orders of this court, and upon a proper showing from either plaintiff or defendant the court will modify the amount, that is, will increase or decrease or discontinue the payments altogether if it should appear to the court proper to do so."

From this judgment the husband, D. E. McQueary, appeals, asking a reversal (1) on the ground that the court was without jurisdiction to hear or determine the case and therefore the judgment was void; (2) because the judgment for alimony is erroneous in that it fails to fix the sum total to be paid by the husband; (3) the court erred in awarding the mother custody of the children and practically denying the father the right to see or visit them.

Upon the question that the Pulaski circuit court was without jurisdiction to hear and determine the case, the argument is made that Mrs. McQueary, when she brought the suit, did not have a residence in Pulaski county, and therefore that court was without jurisdiction, and this is rested on the theory that she, without any fault on the part of her husband, left the place of his residence in McCreary county and moved to Pulaski county. The record shows that in May, 1915, she was, as alleged by her in her petition, compelled to and did abandon the home of her husband because of his cruel treatment of her and their children and his failure to make suitable provision for them, and that she maintained a residence in Pulaski county from the date of

her abandonment until August, 1916, when this suit was brought. On the facts the court found that the allegations contained in her petition were supported by the evidence and granted her the relief sought. Under these circumstances we have no power to reverse the judgment of the lower court granting the divorce. That court heard and determined the question of fact that Mrs. McQueary did have a residence in Pulaski county and there was sufficient evidence to support this finding, although it should be said that there was considerable evidence in behalf of McQueary tending to show that his wife abandoned him without any fault on his part. Auxier v. Auxier, 151 Ky. 504.

This being so the only questions left open are those that relate to alimony and the custody of the children. The amount allowed as alimony is not large and the lower court retained control of this feature of the case and we have no doubt will exercise its discretion and authority to correct the allowance as the conditions of the parties from time to time may seem to require. We may, however, suggest that if the father is hereafter permitted by the court and the mother to retain the custody of the children and provide them with support and maintenance, the court should, we think, under the circumstances appearing in the record, reduce the amount allowed as alimony and for the support of the children. It is said that a lump sum should have been allowed by the court as alimony in place of monthly installments, but we find no fault with this part of the judgment. It is quite usual to award a monthly allowance in place of a lump sum.

It is further complained that error was committed in adjudging Mrs. McQueary her costs, including an attorney fee of $25.00, but as it appears from the judgment that she was without fault and has no estate of her own the matter of costs is controlled by section 900 of the Kentucky Statutes, which provides that, "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault and has ample estate to pay the same."

It will be observed that the judgment provided that Mrs. McQueary should have the custody and control of her infant children and that "D. E. McQueary shall

have the privilege of seeing said children at such reasonable times as may be convenient to the plaintiff, and as will not interfere with the custody, control and management and education of said infant children, or will in anywise interfere with the health or welfare of said children, and at such times as may be mutually agreed between plaintiff and defendant.'' It will thus be seen that the judgment left the question as to whether the father should see his children at all, entirely to the discretion of the mother. This was error. The father should have been given the absolute right to see and have the custody of his children at stated periods that would not interfere with their health, morals or education. The children are now respectively, eight, seven and five years of age, two of them being boys and one a girl. On a return of the case the court will modify so much of the judgment as relates to the children by providing that during the time they are going to school the father shall have the right to their custody once a month, from Friday evening after school closes until the following Monday morning, and they shall be delivered to him at the time indicated, or to some person acting under his instructions, and returned by him or his agent at the time mentioned. During the months in which they are not attending school he should be given the right to their custody for as much as one week every month, but he must make provisions for their safety and care in going after the children and returning them, and defray the expenses attending thereon.

The times when the father shall be permitted to see and have the custody of his children that we have indicated are not intended to be absolutely binding on the lower court, but merely indicate our views on the subject, and the lower court may, in its judgment and discretion, upon hearing evidence, alter the time when the father should see and have the custody of these children, but any order that is made in this respect should give him the right to see and have their custody at periods approximating those we have set forth.

For the error indicated the judgment is reversed.