## Moss v. Moss.

November 4, 1949.

Charles S. Matherly and Vernon Shuffett for appellant.

Henderson & Henderson for appellee.

JUDGE CAMMACK—Reversing.

The appellant, Walter Moss, filed suit for divorce against the appellee, Mattie F. Moss, on the ground of mental cruelty. The appellee filed a counterclaim, seeking a divorce and alimony. The chancellor granted a divorce to the appellee and gave her the custody of the couple's 16 year old daughter. He further awarded to the appellee as alimony the sum of $2,000, which included $100 she had previously advanced to the appellant; the personal property of the appellant, which consisted

of livestock and farm implements worth approximately $1000; and the use of the farm for a residence for her and her infant daughter until the infant attained her majority or until further order of the court.

The appeal is taken on the grounds that the wife was entitled to no alimony, as she was at fault, or that, if entitled to alimony, the award is excessive.

No useful purpose would be served by a discussion of the evidence offered by the parties in support of their claims for a divorce. We think the record amply supports the chancellor's finding that Mrs. Moss was entitled to a divorce.

The financial worth of the appellant, as found by the chancellor, is about $9000, which is comprised of a farm worth $9000, personalty consisting of farm implements and livestock in the amount of $1000, and the value of the crops at the time of the decision of an estimated value of $1000, less indebtedness of $1000 to his brother and $1250 owing on the farm. It is immediately apparent that the award can not be sustained.

The value of the crops at the time of the decision represents the entire assets which the appellant could have converted readily into cash. Under the judgment, the appellant is now indebted to the extent of $4250 and is deprived of the farm, which heretofore has been his sole source of income. A decree granting realty to a divorced spouse for temporary residence and use is not violative of that section of the statutes prohibiting the divestment of title to real property in a divorce proceeding. KRS 403.060. Hamilton v. Hamilton, 298 Ky. 447, 183 S. W. 2d 36. But here it results in depriving the appellant of his entire estate for a period of at least five years and at the same time requires him to pay $2000 lump sum alimony.

Of necessity the allowance of alimony must be governed by the circumstances of the particular case. Under the facts disclosed by this record, we are of the opinion that the ends of justice will best be served by an award of lump-sum alimony and a provision for the maintenance of the infant daughter. The net financial worth of the appellant was found by the chancellor to be about $9000 and that figure is undisputed. We think the appellee should be awarded $3000 alimony, to be

secured by a lien on the appellant's farm, and that the appellant pay to the appellee the sum of $30.00 per month for the maintenance of their infant daughter. The appellant shall have possession of his farm, subject to the appellee's lien, and the personal property to be used in farming the land.

The judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.