## Davenport v. Davenport

April 18, 1950.

As Modified June 20, 1950.

James W. Turner, Judge

P. H. Vincent for appellant.

Meade & Johnson for appellee.

JUDGE CAMMACK—Reversing.

The appellee, Maudie Daniels Davenport, filed suit for divorce, alimony and the custody of her two children, against the appellant, C. P. Davenport, on the ground of cruel and inhuman treatment. The appellant filed a couterclaim, seeking a divorce and custody of the children, Anna Louise, fifteen, and Charles, thirteen. The chancellor granted Mrs. Davenport a divorce, custody of the children and $100 a month for their maintenance and support, the possession of the home place in Paintsville and attorney's fees in the amount of $250. It was directed also that the car claimed by both parties, but the title to which was in the name of the appellant, should be given to him, but that he pay the appellee $375 for such right, title and interest as she might have in the car. The question of alimony was reserved.

The chancellor subsequently modified his orignal judgment by granting the appellee $10,000 lump sum alimony, including $2,625 due under the original judgment. The modified judgment showed that the appellant was in Cleveland, Ohio, and had made no payments on the original judgment.

The evidence clearly supports the chancellor's judgment that the appellee was entitled to a divorce and that she is a fit person for the care, custody and control of the children.

The appellant's contentions as to the original judgment are that (1) the court erred in reserving the question of permanent alimony; (2) the court erred in granting the appellee $375 in lieu of her interest in the car; (3) the allowance of $100 per month for the children and giving the appellee the use and possession of the house was excessive; and (4) the allowance of $250 for attorney's fees was excessive. As to the modified judgment, the appellant urges that $10,000 is an excessive award for permanent alimony.

The allowance of $10,000 as permanent alimony is

clearly excessive, since at the most the appellant's estate amounts to $15,000 by the claims of the appellee and is probably worth somewhat less. By the appellant's estimate his total estate is not worth more than $5,000. Thus $10,000 as lump sum alimony would take two-thirds or more of the appellant's estate.

At the time of the trial of the case the appellant's earnings were at least $230 per month. At one time he had entered into an agreement which he claims was made under duress to pay $100 per month for the support of the children. No allowance was made to the appellee for her maintenance, but she was allowed the house which, of course, was intended to be used as a home for her and the children. In view of all the facts and circumstances involved in the case, we have concluded not to disturb the original award for the maintenance of the children and as to the use of the house. We think, however, that it was error to award the appellee $375 for such interest as she might have in the car. She had used it most of the time as her own, but the title to it was in the husband.

Since the question of alimony is yet to be determined, the credit for the amount allowed the appellee on the car can be taken into consideration then. Likewise, we think the final award of alimony should be made in a lump sum and in the light of the allowances made thus far. In this connection the appellee should be given a lien on the house owned by the appellant to secure the payment of all amounts now due her and which may become due up until time of the final disposition of the case. See Moss v. Moss, 311 Ky. 364, 224 S.W. 2d 175.

We do not think the allowance of $250 for a fee for the appellee's attorney is excessive.

The second judgment is reversed, with directions to set it aside, and to enter a judgment consistent with this opinion.