**Anna Lee ALEXANDER, Appellant,**

v.

**Otho ALEXANDER, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

courtship of some thirteen years, were married in February, 1950. He was then 43 and she 40 years old. A child was born to them in 1952. The wife left the husband in July, 1955, and promptly sued for divorce on the ground of cruel treatment and for the restoration of property and alimony. She sought custody and support of the child. The court expressed the opinion that the evidence of cruelty was not "the strongest," but, nevertheless, granted the divorce and awarded the money judgment above stated. It appears that by agreement the child's custody was given to the mother with the right of visitation by the father, and that he should pay the mother $10 a week for the child's support.

In brief substance, the wife's evidence is that her husband was domineering, stingy, selfish, abusive and cruel, had an overbearing temper, and had physically assaulted her on several occasions, particularly on the evening before she left him. She had inherited a twenty-five acre parcel which adjoined her mother's place some six or seven miles away from where they lived. She refused to sell it as he wanted her to do but was willing for him to cultivate it. He did not cultivate it, and it grew up in weeds. The precipitating trouble was, according to the wife, that her husband wanted her to sign some papers, and she refused to do so until they were explained to her, which was not done. He had told her that signing the paper would not impose any obligation upon her personally. It appears that she knew he had agreed to buy some adjoining land and it would be necessary to mortgage his place in order to raise some money.

On the other side of the case, Alexander generally, categorically and unqualifiedly denied everything his wife had testified to concerning his temperament, abuse and acts of mistreatment. He stated that he loved his wife and felt he had treated her all right. He seems to have provided a comfortable home with modern conveniences, including electric labor-saving

John S. Palmore, Palmore & Mitchell, Henderson, for appellant.

Leo King, King, Deep & Branaman, Henderson, for appellee.

STANLEY, Commissioner.

The question is whether a judgment for $1,000 alimony and $450 as restoration of property to a divorced wife is commensurate or sufficient.

The appellant, Otho Alexander, and the appellee, Anna Lee Alexander, after a

household appliances. Neighbors testified the parties seem to have gotten along all right, and they had never witnessed any sort of mistreatment of the wife.

The husband owns a sixty-four acre farm, which he has cultivated along with rented land. He owns a combine and other farming equipment and has done custom work with his machinery for other farmers. There were two itemized appraisements of the husband's property made by qualified witnesses. One valued his sixty-four acre farm, which has a four room house upon it, at $10,000, and the other at $9,100. The totals, with valuation of his farming equipment, were estimated to be $18,430 and $13,898 respectively. This averages $16,164. His livestock seems to be of the conservative value of around $1,000. It may, therefore, be reasonably said that he has an estate of $17,000. He owes around $5,000 for farm equipment. The wife owns the twenty-five acre tract, which has been unproductive, and may perhaps have other property worth $1,000.

 The trial court recognized that where divorce is granted a wife, alimony should ordinarily be awarded her. Underlying all considerations in fixing the amount of alimony is the principle that alimony is founded upon the legal duty of a husband to support his wife, and that the allowance is a substitute for marital support and maintenance. Our statute, KRS 403.060, directs that if the wife does not have sufficient estate of her own, she may have such allowance out of her husband's estate as the court considers equitable. No definite formula may be set up. The amount is a matter of judicial discretion to be exercised with reference to established principles and upon a view of all the circumstances of each particular case. Important factors, among others, are the amount of the husband's estate and his ability to pay, on the one hand, and the financial condition of the wife and her ability to maintain herself independently, on the other hand. There is often taken into consideration the extent, if any, to which the wife contributed to the acquisition of her husband's estate, and the degree of her fault, if any, in causing the dissolution of the marriage.

 It was laid down long ago as something of a rule of thumb that the wife should be allowed alimony equal to one-third of her husband's estate, the fraction apparently being based upon dower. But no hard and fast rule has ever been established nor can it be. Metcalf v. Metcalf, 244 Ky. 536, 51 S.W.2d 675.; Hicks v. Hicks, Ky., 290 S.W.2d 483; Willoughby v. Willoughby, Ky., 294 S.W.2d 550.

 In the present case there appears to have been no fault upon the part of the wife for breaking up the marriage unless it can be said she might have been more patient and understanding of the matter of executing the mortgage with her husband. Her twenty-five acres can scarcely afford her a livelihood. She looked after the home and did the customary things of a farmer's wife in an economical way. It appears that during the five years' marriage the husband's estate appreciably increased, and it may be said that she did make indirect contributions thereto. It seems to us upon a careful review of the record that the wife should be allowed $3,000 in alimony. Moss v. Moss, 311 Ky. 364, 224 S.W.2d 175.

The judgment for $450 as restoration to the wife of money obtained by her husband during marriage will not be disturbed.

The judgment is reversed with directions to enter another in conformity with this opinion.

Judgment reversed.