**Lucille BOGGS, Appellant,**

**v.**

**J. D. BOGGS, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1959.

James B. Kennard, W. H. Counts, Olive Hill, for appellant.

H. R. Wilhoit, Grayson, for appellee.

WILLIAMS, Judge.

Lucille Boggs was granted a divorce from her husband, J. D. Boggs, after a marriage

which lasted 26 years. She was awarded alimony in the sum of $6,000, payable in a lump sum or $100 per month at the discretion of the husband; all of the household furniture; and the right to live in the family home so long as she remains single, the husband being required to make all major repairs on said home. The wife was required to convey, to the husband, the interest she acquired in the home by reason of the marriage.

The wife has appealed from so much of the judgment as awards alimony, on the ground that the alimony award was grossly inadequate and an abuse of the court's discretion. The husband has cross-appealed on the ground that the wife was not entitled to any alimony.

These parties were married when very young, and at the time of their marriage owned no property. The husband operated a small jewelry shop for some time after the marriage and then bought a restaurant, both of which businesses he operated for several years. Later he sold those businesses, purchased additional property and established a hardware store, which he was operating at the time this action was instituted. In accumulating his estate the husband often worked 14 to 18 hours a day. The wife worked some in the restaurant and in certain department stores in town. The hardware store provides the livelihood for the husband, the parties' married son and their unmarried son. The annual income derived by the husband from the hardware business amounts to about $4,000. The wife's income from her salary from the department store amounts to about $1,600 per annum. The wife was paid a salary for the work she performed during the marriage and she spent the money received on household furnishings, as well as needs of the family. She has testified that the reasonable value of the estate, including all of the properties and the business, is $100,500. No proof was taken to contradict those estimates made by the wife.

The chancellor had some misgivings about granting a divorce to either party. In his findings of fact he states:

"This is a rather unfortunate situation. The parties have been married for many years, their family consisting of two sons who are grown, one son being married and with a family of his own. Truly there was never much marital difficulty between these parties. There has been some doubt in the court's mind as to whether or not, strictly speaking, cruel and inhuman treatment was, if any shown, such to justify the granting of an absolute divorce. On the question of cruel and inhuman treatment, it seems to be more of incompatibility. However, under the circumstances, it seems the parties are determined not to live together as husband and wife, and no good purpose would be served by entering a decree from bed and board. It will, therefore, be finding of fact by the court that the defendant was guilty of such mental cruelty as to justify the granting to the plaintiff of an absolute divorce from the defendant, and the attorney will so prepare judgment to this effect."

It would serve no purpose to recite the facts relied upon by the parties as grounds for divorce. The evidence was obviously weak. However, we feel the chancellor was justified in his finding for the wife. The proof shows that the wife did not have any estate at the time the judgment was entered. We have often held that the wife who was not at fault and did not have sufficient estate of her own is entitled to alimony. KRS 403.060; Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; Fields v. Fields, 303 Ky. 624, 198 S.W.2d 298; Oldham v. Oldham, Ky., 259 S.W.2d 42.

In determining the amount of alimony to be awarded, a trial court of necessity must exercise its discretion in light of the particular facts which surround the case under consideration. There is no set formula it may follow in each situation.

We have attempted heretofore to set up a general guide which should be applied to any particular set of facts. In Hicks v. Hicks, Ky., 290 S.W.2d 483, and the cases cited therein, we directed the trial court to consider the following elements: Size of estate; income; earning capacity; age; ability to labor; health; station in life; the cause of divorce; relative responsibility of the parties; and the wife's assistance in the accumulation of property.

■ The wife has asked for one-third of the value of the entire estate as alimony. Although this Court has on occasion approved alimony awards equal to and greater than 33⅓ per cent, it has by no means established that percentage as a base. To the contrary we have held that no hard and fast rule has ever been established, nor can it be. Alexander v. Alexander, Ky., 317 S.W.2d 494.

■ These parties are comparatively young, accustomed to a modest income and the manner of living attendant thereto, and are gainfully occupied. There has been a commendable accumulation of assets by the husband, with a normal assist by the wife. The chancellor found that the husband accumulated the estate by "working twice as hard and twice as many hours as the average laborer or professional man"; that he furnishes a home to each son and provides employment for each, as well as providing maintenance for his aged mother. The chancellor has awarded alimony as he believes is just to all the parties concerned. We do not think his decision is erroneous.

In view of this decision, it is unnecessary to consider appellee's motion to dismiss.

Judgment is affirmed on the appeal and cross-appeal.