**L. C. POLLARD, Jr., Appellant,**

v.

**Mary M. POLLARD, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

A. W. Mann, Ashland, for appellant.

Dysard, Dysard & Johnson, G. B. Johnson, Jr., David O. Welch, Ashland, for appellee.

WILLIAMS, Judge.

L. C. Pollard, Jr., and Mary M. Pollard were married April 5, 1955. On August 26, 1955, divorce proceedings were instituted by the wife, in the Boyd Circuit Court. The husband filed an answer and also set up, by way of counterclaim, a divorce decree granted him by a Nevada court.

The matter was heard by the Master Commissioner of the Boyd Circuit Court, who found that full faith and credit should be given the Nevada divorce decree; that the separation of the parties was brought about through the fault of the husband and without fault or like fault on the part of the wife; and that the wife was entitled to alimony. Accordingly, judgment was entered by the Boyd Circuit Court confirming the report of the Commissioner and awarding, among other things, alimony to the wife in the sum of $3,000, payable at the rate of $50 per month.

The husband has appealed from that portion of the judgment which awards the wife alimony.

These young people met by means of correspondence. He was in the armed forces, stationed at Camp LeJeune, North Carolina, and she lived in Ashland, Kentucky. During the Christmas season in 1954 he came to his home in Louisville, Kentucky. His future wife came to Louisville, visited with his parents, and saw him for the first time. Following their marriage, they cohabited as man and wife for a period of about 15 days. The initial three months of their marriage were spent, in the main, by the husband at Camp LeJeune and by the wife in Louisville, at the home of her husband's parents. During that time mutual expressions of affection were exchanged between the two almost daily. At the end of the third month, however, the husband wrote the wife a letter stating his intention to call off the marriage relationship. Despite efforts at reconciliation by the wife the husband continued in his purpose, and following his discharge from service went to Nevada where he procured a divorce. The proceedings in the Boyd Circuit Court were commenced by the wife during the time the husband was in Nevada.

■ The husband has appealed on the usual grounds that the wife is entitled to no alimony, or, if so entitled, the amount awarded is excessive. The facts of this case are somewhat unusual in that a foreign court has granted the husband a divorce and the trial commissioner, in this jurisdiction, has found the wife to be without fault. It is well settled in this State that the wife is entitled to alimony if she was not at fault and does not have sufficient estate of her own. KRS 403.060. Boggs v. Boggs, Ky., 330 S.W.2d 118. The wife has been allowed alimony where the divorce was granted to the husband. Scalf v. Scalf, Ky., 312 S.W.2d 467. A Florida decree granting the husband a divorce did not preclude the wife's demand for alimony in this State. Cooper v. Cooper, 314 Ky. 413, 234 S.W.2d 658. See also Armstrong v. Armstrong, 1956, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705.

■ Here the Nevada court did not have personal service on the wife and the question of alimony was not before that court. Having been found not to be in fault, she is entitled to alimony.

■ Although the husband insists alimony should not have been awarded, his most forceful arguments gravitate to the amount awarded rather than the propriety of the award. His argument is that these parties being very young; married such a short time; having accumulated no particular estate; and each being employed, the amount awarded is grossly excessive. We have heretofore attempted to assist trial courts in their determination of alimony awards by setting out certain factors which should be considered according to the facts shown in each case. Always the

·court's determination must be based upon the particular facts before it. Hicks v. Hicks, Ky., 290 S.W.2d 483.

A concise review of the facts presently before us shows a young couple married on short acquaintance under the trying conditions attendant to temporary attachment to the military. There is obvious early affection, as shown by correspondence between the two when apart, and the wife's residence with her husband's parents. There is the anticipation of permanency shown by the wife's purchase of furniture with $2,000 of her own funds. Then there is the unexplained break by the husband and his refusal to resume the marriage. The wife's illness and inability to work follow.

Few of the factors which ordinarily guide the trial court exist here. The conditions under which this marriage was consummated and continued were such that precluded acquisition of any particular estate or establishment of many other incidents usual to a married state. The trial court could look primarily only to the individuals. In the husband he saw a man twenty-two years of age with the ability and the time to aid in the support of the woman he married. The husband was shown to have been earning $115 every two weeks at the time the order allowing alimony was made.

A man assumes the responsibility to support his wife when he marries. The trial court found the husband to be at fault and also to be capable of supporting the wife to the extent allowed. Such finding was not clearly erroneous.

The wife's allegation that the trial court should not have granted full faith and credit to the Nevada decree should, if it were to be considered by this Court, have been raised by cross-appeal.

The judgment is affirmed.