**Mary Belle DAY, Appellant,**

v.

**Raymond DAY, Appellee.**

Court of Appeals of Kentucky.

June 23, 1961.

Joseph K. Beasley, Harlan, for appellant.

James S. Greene, Jr., Harlan, for appellee.

MOREMEN, Judge.

This is a child custody case which also involves a matter of alimony.

■ The custody of the children was granted to the father which is usually unnatural, but here we think it was justified. It is a temporary thing and if conditions change, perhaps other adjustments will be made.

The proof demonstrated that both parties to this marriage were good people, neither of whom was perfect. The shortcomings of the wife, Mrs. Mary Belle Day, may have been the result of mental disturbances. She suffered severe mental disturbances and it was necessary for her to receive treatment for several months in a Lexington hospital. Apparently she is in good condition now, but the doctors indicated that even the ordinary pressures of life may cause a recurrence of her malaise.

■ We are compelled to accept the findings of the chancellor in a matter such as this one unless we believe he was clearly erroneous in his action. However, it is plain that he followed the only course open to him under the facts which were developed.

The wife will have the children in the summertime—we presume under close supervision of the court. We believe the chancellor did the best he could under the circumstances.

The question of alimony offers even greater difficulty. The award was in the lump sum of $3,000, payable in monthly installments of $200. One of the doctors testified that Mrs. Day was capable of receiving training to be a practical nurse and indicated that such a course would be of value not only as a means of earning her living, but also it would be of therapeutic value. Mrs. Day is now about thirty-two years of age and it is presumed that she has many years of useful life ahead of her. The court apparently fixed upon this amount

as sufficient to enable her to take such training and therefore to become self-supporting.

Appellant, however, complains that the chancellor did not apply the rule which we have approved on several occasions, such as in Alexander v. Alexander, Ky., 317 S.W.2d 494; and Heustis v. Heustis, Ky., 346 S.W.2d 778 decided May 5, 1961. In the latter case the rule was succinctly stated as follows:

"Where the wife has fully performed her share of the responsibilities during the substantial portion of her married life with the husband and has not brought on the divorce by moral delinquency, and the husband is not entirely free of fault, we are of the opinion that alimony should be in an amount not less than one-third of the estate accumulated from the income of the husband during the marriage (as distinct from whatever portion of his estate may have been derived from independent sources), unless, of course, she has a sufficient estate of her own or unless there are other unusual circumstances rendering such a division inequitable."

Although the proof taken in this case is voluminous, it has been highly unsatisfactory to review on appeal. We have had great trouble in identifying various tracts of land and values placed upon them, but in the main it seems that the property which appellant insists should be divided by application of the one-third rule is inherited property and not accumulated during the span of this marriage. It was developed that the real property was inherited by appellee and his mother from his father.

■ Although the award of $3,000 is minimal, under the circumstances we cannot say that the judgment of the chancellor is clearly erroneous.

The judgment is affirmed.