J. Douglas Graham, Campton, for appellant.

Rose & Short, Beattyville, for appellee.

PALMORE, Judge.

Beulah Mae and Rader Combs were married in 1949, when she was 17 and he was 30. After ten years together, during which time they had four children, he brought this action for an absolute divorce on the ground of cruel and inhuman treatment, asking also for the restoration of certain real estate taken in their joint names and for custody of the children. She defended on the merits and by counterclaim demanded a divorce on similar grounds, together with alimony, custody of the children, an allowance for their maintenance, and a reasonable fee for counsel.

The circuit court made no findings of fact, but entered judgment awarding the husband a divorce, custody of the oldest three of the four children, and restoration of the wife's half interest in the real property. The wife was given $25 per month for child support, $200 lump sum alimony, and $100 for her attorney's fee. She appeals, contesting only so much of the judgment as relates to alimony, property settlement, and attorney fee.

At the time of the marriage Rader dealt in cattle and had an interest in a stockyard, which he later sold for $1,600. He says that he also owned a truck worth about $2,000 and had some $3,500 in cash. In

**Beulah Mae COMBS, Appellant,**

v.

**Rader J. COMBS, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1961.

1950 he bought 2 acres of land for $1,500 and built a home on it, adding a store building 3½ years later. He now operates a furniture and appliance business on this property, which is the only real estate involved. The deed was made to husband and wife jointly.

When this action was tried Rader's assets included his interest in the real estate, a stock of merchandise, a truck, and an automobile. He would not estimate the value of the real estate and merchandise, but said variously that he cleared about $200 per month from the business, that he grossed $31,000 in 1958, and that his profits ran from 10% on furniture to 40% on some of the other items. There was no testimony as to how much, if any, money he had on hand or in the bank, and very little as to household furnishings or other miscellaneous personal property. According to Rader, there were debts totalling several thousand dollars against the inventory of merchandise and the truck.

The only competent evidence of the value of the real estate was given by Geneva Williams, Beulah Mae's aunt, who owned a hotel and restaurant in Jackson, was familiar with realty values in the community and with the property in question, and placed its fair market value at $25,000 to $30,000. As to Rader's income, Beulah said he deposited some $13,000 from the business during the first six months of 1959, made a 50% profit (probably, however, confusing profit with mark-up), and earned better than $1,000 per month.

Whether and to what extent Beulah Mae worked in Rader's business is largely in conflict, though it is clear that during the early years of the marriage she participated in the operation of a restaurant at the stockyard once a week. For a time while the furniture business was being established Rader hauled fruit from the south, and Beulah Mae claims to have run the fruit stand while he was away. She testified also that she worked in the furniture store when Rader was not there. Most of this he denied.

The evidence on the grounds for divorce was equally contradictory. His principal complaint was that she would leave home every evening and come in late at night, often drunk, neglecting him and the children. Other witnesses related having seen her in the company of another man, while she explained, on the other hand, that her only contact with this man was for the purpose of arranging a blood transfusion for her sick mother. Much of what her husband said she denied, put in a different light, or explained away. Three years before this action was commenced she had left him, sued for divorce, and then come back to him. It is a typical divorce case.

Though the testimony adduced in support of the husband's case, taken at face value, suggests some degree of moral delinquency on the wife's part, it is not such a clear and flagrant case as would justify denying her a fair and reasonable share of the estate accumulated by the husband during the marriage, while she was bearing his four children. In accordance with the principle stated in Heustis v. Heustis, Ky. 1961, 346 S.W.2d 778, 780, we are of the opinion that she is entitled to an award of alimony equivalent at least to one-third of the estate accumulated during the ten years of the marriage.

Since the evidence on the question of the husband's financial status was so utterly unsatisfactory we are unwilling to require final disposition of the alimony question without further testimony. Therefore, the cause will be remanded for retrial on that question and the interrelated matter of property rights.

The $100 allowance for counsel fee in a contested divorce case is inadequate under any circumstances. For example, the minimum prescribed by the Minimum Fee Schedule of the Kentucky State Bar Association is $200. The trial court shall award a reasonable amount for this item

after reconsidering and disposing of the alimony and property questions.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.