Dorothy West HUNT, Appellant,

v.

Tom (Thomas) HUNT, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1965.

V. R. Bentley, Pikeville, for appellant.

Thurman Hibbitts, Pikeville, for appellee.

MOREMEN, Chief Justice.

Appellee, Thomas Hunt, was granted an absolute divorce in the Pike Circuit Court from Dorothy Hunt ending a marriage of over ten years. The appellant was awarded alimony in the sum of $1,000 and an attorney's fee in the amount of $150. We are presented with the question of whether these amounts are adequate in the light of the particular facts of this case.

When the divorce was granted appellant was thirty-one years of age and appellee was eighty-one. The appellant had defective eyesight amounting to industrial blindness, and appellee was totally unable to work. Appellant had virtually no independent estate or income while appellee had an estate of approximately $10,000, and received a social security check each month in the sum of $40.00.

There is no reason at this time to relate the numerous accusations of cruelty cast

by both sides in this case except to note that the trial court found the appellant "substantially at fault" and granted the appellee a divorce. The court also found that the appellee's conduct was "not the most praiseworthy" although apparently not as bad as the appellant's. The issue here is not the legality of the divorce, it concerns the sufficiency of the alimony.

Alimony is based upon the legal duty of a husband to support his wife. In fixing the amount the wife should receive, the problem is to determine an allowance which is a fair substitute for marital support and maintenance. See Alexander v. Alexander, Ky., 317 S.W.2d 494, 496. "Fault," except in flagrant instances, is not a primary consideration. Heustis v. Heustis, Ky., 346 S.W.2d 778.

Although there is no rigid formula that can be applied to all cases, certain factors which should be given heavy weight are: (1) the amount of the husband's estate and his ability to pay, and (2) the financial condition of the wife and her ability to maintain herself independently.

In many cases over the years this Court has recognized something of a rule of thumb that the wife should be allowed alimony equal to one-third of her husband's estate, the fraction apparently being based upon dower. Hicks v. Hicks, Ky., 290 S.W.2d 483; Alexander v. Alexander, Ky., 317 S.W.2d 494. It is not a hard and fast rule and it is not followed when its application is not required to do justice to all the parties concerned. See Boggs v. Boggs, Ky., 330 S.W.2d 118.

In the present case we find that the trial court did not give adequate consideration to the financial condition of the appellant and her ability to maintain herself independently. The appellant had a negligible estate at the time of the judgment and as she was partially blind there was no basis for assuming that she could find gainful employment to support herself. The

$1,000 allowed her by the trial court was totally inadequate.

Therefore, on remand of the case the trial court will ascertain the fair value of appellee's total net estate as of the time the action commenced and fix the amount of alimony at not less than one-third. A suitable attorney's fee should also be awarded.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.