Myrtle HORN, Appellant,

v.

Harold HORN, Appellee.

Court of Appeals of Kentucky.

June 28, 1968.

J. William Howerton, Paducah, for appellant.

Harry W. Roberts, Jr., Hickman County, Atty., Clinton, for appellee.

STEINFELD, Judge.

Harold Horn, the appellee, was awarded a divorce from Myrtle Horn, appellant, and she appeals from that judgment.

■ The first contention is that " * * * the trial court erred in granting the divorce to the appellee instead of granting it to the appellant." KRS 21.060(1) (b) in part provides:

"(1) Appeals may be taken to the Court of Appeals as a matter of right from all final orders and judgments of circuit courts in civil cases except:

(b) That portion of a judgment granting a divorce;".

We cannot consider this first contention. Auxier v. Auxier, 151 Ky. 504, 152 S.W. 573 (1913); Green v. Green, 152 Ky. 486, 153 S.W. 775 (1913); Huber v. Huber, 153 Ky. 263, 155 S.W. 383 (1913); Hester v. Hester, 166 Ky. 544, 179 S.W. 451 (1915); Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972 (1948) and DeSimone v. DeSimone, Ky., 388 S.W.2d 591 (1965).

■ We may consider the second point raised which questions the adequacy of the "lump sum alimony award to the appellant". Shehan v. Shehan, 152 Ky. 191, 153 S.W. 243 (1913); Jones v. Jones, 205 Ky. 538, 266 S.W. 48 (1924); Autry v. Autry, 237 Ky. 608, 36 S.W.2d 15 (1931); Jones v. Jones, 239 Ky. 153, 39 S.W.2d 262 (1931); Walden v. Walden, 250 Ky. 379, 63 S.W.2d 290 (1933) and Hinton v. Hinton, Ky., 377 S.W.2d 888 (1964).

Myrtle and Harold were married in 1941 and lived together until 1965. The testimony showed that throughout almost all of the period of the marriage there was turmoil and there is ample proof to support the finding of the trial court "that both parties were at fault, * * * the greater fault was that of the" wife.

■ In spite of the constant fighting, bickering and mistreatment of each other the parties were frugal. Both worked on the farm and assisted in accumulating wealth. The chancellor found that the husband had practically no personalty exceeding his debts but that he owned realty, and that the value over and above the debts was between $20,000.00 and $25,000.00. The evidence showed that the husband had inherited approximately $5,000.00. The court took this into consideration in fixing the alimony. This was proper. Hall v. Hall, Ky., 380 S.W.2d 231 (1964). He adjudged that the wife should be paid lump sum alimony in the sum of $5,000.00. The wife contends that the real property was owned jointly by the parties and that it had a net worth of $24,956.00 and that she had "made a substantial and equal contribution to the acquisition of the real estate and is entitled to her undivided one-half interest." She contends that she was divested of her interest in this property. She further charges that the amount awarded to her, $5,000.00 as lump sum alimony, is inadequate. The trial court held that "the real estate was bought by the (husband) and put in the names of both parties." While counsel for appellant argues that the real estate was

**344**

jointly owned by the parties and that the wife made a substantial and equal contribution to its acquisition he did not follow RCA 1.210(a) 3 which provides among other things that there must be "appropriate page references to the record and the transcript of testimony" where "the essential facts necessary to determine the questions in controversy" may be found. We are unwilling to search the record to find these facts in the absence of the references. We therefore hold that the finding of the trial court that the wife was not entitled to an undivided one-half interest in the real estate must be sustained.

■ With respect to the charge that the $5,000.00 lump sum alimony award was inadequate counsel for appellant argues that "as a matter of law the appellant should receive a minimum of one-third of appellee's estate or approximately $8,333.00." He cites Ralston v. Ralston, Ky., 396 S.W.2d 775 (1965); Combs v. Combs, Ky., 350 S.W.2d 502 (1961); Hunt v. Hunt, Ky., 394 S.W.2d 743 (1965) and McLaughlin v. McLaughlin, Ky., 405 S.W.2d 22 (1966). These cases do not hold that "as a matter of law the (wife) should receive a minimum of one-third of the (husband's) estate." See Clark v. Clark, Ky., 425 S.W.2d 745 (1968) in which we discussed this subject and some of the cases cited by appellant. We said that " * * * in the absence of unusual circumstances, and when the wife did not have sufficient estate of her own, it was equitable to allow her a minimum of one-third of the estate accumulated from the income of the husband during the marriage." The Chancellor found that Mrs. Horn had no estate of her own and that the husband's estate was "worth between $20,000.00 and $25,000.00 net after deducting his debts and mortgages." There was no finding of un-

usual circumstances and none indicating special considerations. On this appeal it is appropriate for us to review the findings of fact of the Chancellor. CR 52.01; Justice v. Justice, Ky., 421 S.W.2d 868 (1967). However, appellant again has failed to refer us to the evidence which she contends would support her argument that the husband's "net estate is slightly in excess of Twenty Five Thousand Dollars ($25,000.00)." In the absence of such reference (RCA 1.210(a) 3) we can only conclude that the husband's estate was worth at least $20,000.00, and without a specific factual finding of unusual circumstances showing why a lesser amount should be allowed, the legal conclusion to be drawn is that the wife was entitled to an amount not less than one-third of that figure or $6,666.66. Clark v. Clark, Ky., 425 S.W.2d 745 (1968).

■ Finally it is argued that the wife should be allowed a reasonable fee in payment to her attorney for supplementary proceedings involved in this case. In DeSimone v. DeSimone, Ky., 388 S.W.2d 591 (1965), we wrote:

"Since appellant's (the wife's) attorney was not made a party to this appeal the questioned adequacy of the amount allowed him as a fee is not before us. McDowell v. McDowell, Ky., 378 S.W.2d 814."

Here Myrtle's attorney was not made a party to this appeal, therefore, the rule in DeSimone v. DeSimone, supra, applies.

The judgment is affirmed in part and reversed to the extent shown in this opinion.

WILLIAMS, C. J., and MILLIKEN and PALMORE, JJ., concur.