**Nina Gertrude SINGER, Appellant,**

v.

**Lawrence Matthew SINGER, Appellee.**

Court of Appeals of Kentucky.

May 2, 1969.

Rhodes Bratcher, Bratcher, Cooper & Flaherty, Owensboro, for appellant.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, Lawrence S. Grauman, Louisville, for appellee.

REED, Judge.

The appellant, Nina Singer, sued her husband, Lawrence Singer, the appellee, for an absolute divorce and sought alimony. She is dissatisfied with the amount of alimony which was awarded her and claims that it is so inadequate as to evidence an abuse of discretion.

Nina and Lawrence Singer were married for 30 years. Three children were born as a result of their marriage. At the time of the institution of this action, all of the children were adults and self-supporting. Nina is 49 years old and Lawrence is 51.

The evidence established that the granting of a divorce was proper. Nina and Lawrence have, throughout the years, grown progressively cold and indifferent toward each other. There is no point in continuing to call their relationship a marriage. Although the trial court granted a divorce to both parties, since the only issue on this appeal is the adequacy of the allowance for alimony it is unnecessary to consider this feature of the case. It suffices to say that Nina was properly granted a divorce and thereby became entitled to an allowance for alimony as a matter of right. No moral delinquency on her part was established.

The parties to this appeal concede that all of Lawrence's estate was accumulated during marriage. Nina was employed and earned wages at various times during the duration of the marriage; however, she testified that she spent these wages on herself and deposited the rest of them in a savings account which was restored to her.

Lawrence was an energetic, frugal, hard-working man, who engaged in the long-distance hauling business as an independent truck owner and operator. The parties agree as to the identity of the items includable in the estate from which alimony is allowable. The estate accumulated consists of two parcels of real estate, a bank account, farm machinery, an automobile, two trucks and some livestock.

According to Nina's evidence, Lawrence's net estate amounts to $62,864. According to Lawrence's evidence, his net estate amounts to $40,414. The trial court awarded Nina the automobile, the household goods, a house and lot, a savings account which was in her name, and part of a savings account which was in Lawrence's name. Nina values her alimony award at $18,600. According to Lawrence's evaluation, the award to Nina amounts to about $14,900. Nina argues that she should have received either one-third of the valuation of Lawrence's estate as established by her evidence or one-half of the value of his estate as established by his evidence. She further contends that in addition she is entitled to periodic alimony in the amount of $400 per month.

We have examined the proof and have concluded that there was substantial evidence on which the trial court could base a determination that Lawrence's estate amounted to $40,414. The principal points of difference were in the valuation of the real estate and in the valuation placed upon the truck-tractor which Lawrence used in his long-distance hauling business.

Two properly qualified real estate brokers testified concerning the fair market value of the real estate. One of them

sustains Nina's contention and the other sustains Lawrence's contention. The problem is one of credibility of witnesses and the weight to be given to evidence. The determination of credibility and weight to be given to evidence is a peculiar function of the trier of fact. The only evidence concerning the value of the truck-tractor is in the form of opinion evidence given by Lawrence himself and by one of the adult sons of the parties. The evidence of one contradicted that of the other. Again the problem is one of credibility and weight to be given the evidence. The witnesses were equally qualified. They appear to be equally interested in the outcome of the litigation. It was the function of the trial judge to choose. It is not our function to interfere with his choice. Therefore, we hold that the trial court's determination of the amount of net estate is not clearly erroneous. It is binding on appeal. CR 52.

 The lump-sum award made to Nina was approximately 37 percent of the net estate. This allowance was in the permissible ambit of discretion. Horn v. Horn, Ky., 430 S.W.2d 342.

 The remaining question is whether or not Nina was entitled to periodic alimony in addition to the lump-sum award. This is another area which we ordinarily leave to the discretion of the trial court. Circumstances change from case to case. There are so many factors of different shading which must be taken into account that no fixed, set, mathematically neat guidelines can be satisfactorily formulated. What we seek is a fair, decent and acceptable social result within the limitations inherent in the use of the adversary system of law as a vehicle for the settlement of marital breakups.

Both parties claim not to be in the best of health. No medical evidence was introduced on behalf of either. Lawrence's income for each of the last four years was between $3,200 and $4,900. Nina did not successfully impeach the accuracy of this evidence.

 Since we are dealing with the exercise of discretion by a trial judge, factual distinctions between decided cases are not as sharp as they are in other instances. If factual distinctions are necessary, however, the absence of medical testimony and Lawrence's reduced earning capacity demonstrate that the determination made by the trial court here could not be characterized as an abuse of discretion because of the decision in Duvall v. Duvall, Ky., 431 S.W.2d 491.

In our opinion, neither the findings of fact of the trial court can be characterized as clearly erroneous, nor can the award of alimony based upon those factual findings be characterized as an abuse of discretion.

The judgment is affirmed.

All concur.